## T. McCLELLAND ET AL. v. I. A. BROWNFIELD.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF FAYETTE COUNTY.

Argued May 11, 1891—Decided May 25, 1891.

(a) A testator devised to his daughter, " for and during her natural life,
all the cleared land belonging to " him " on the west side of the Union-
town and Morgantown road, now enclosed, and strip of woodland fenced
in with the same : "

1. The devise applied to an enclosed tract of thirty-four acres west of said
road and containing a small strip of woodland, but did not embrace an
unenclosed tract of thirteen acres of woodland, adjoining but separated
from the former tract by a fence.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 161 January Term 1890, Sup. Ct.; court below, No. 363
June Term 1885, C. P.

On May 18, 1885, Thomas McClelland and Lydia, his wife,
in right of said wife, brought ejectment against Isaac A. Brown-
field.   Issue.

At the trial, on May 21, 1888, it was shown on the part of
the plaintiffs that Bazil Brownfield died in 1881, leaving a will
dated June 27, 1881, duly admitted to probate, providing as
follows :

" 4. I give and devise to my daughter Lydia, wife of Thomas
McClelland, for and during her natural life, all the cleared land
belonging to me on the west side of the Uniontown and Mor-
gantown road, now enclosed, and strip of woodland fenced in
with the same, and at her death I devise said land in fee to her
children, share and share alike."

It was also shown that at the date of his will the testator
was seised in fee of a large part of what was known as the
Gaddys tract, about thirty-four acres of which lay west of the
Uniontown and Morgantown road.   This tract was cleared land,
save that on the western portion of it was a ravine in which a
small stream of water ran northward.   This ravine was wood-

Statement of Facts.

land, though the timber, if timber it could be called, was of inferior quality. At the time of the trial, the plaintiffs were in possession of this thirty-four acre piece under the provision above quoted from said will. The land they sought to recover from the defendant was a tract of about thirteen acres lying west of the Gaddys tract. The testator died seised in fee of this tract, also, and the plaintiffs claimed it under the same provision of the will.

Thomas McClelland testified that the thirty-four acre piece and the thirteen-acre piece were the only lands owned by the testator, at the time of his death, west of the Uniontown and Morgantown road ; that on the north side of the strip of woodland there was a fence ; on the west and south there were no fences, but on the east side there was an old rotten fence which separated the strip from the thirty-four acre parcel occupied by the plaintiffs ; that the ravine on the latter piece was grown up with beech, sycamore and dogwood, and the uncleared portion made about an acre and a half.

The plaintiffs having rested, the defendant called Mr. John Collins, and offered to prove by the witness that he wrote the will of Bazil Brownfield, and the clause in question was written under Mr. Brownfield's instructions, and the land mentioned in it described by Mr. Brownfield ; that, at the time, the woodland now claimed by the plaintiffs was mentioned, and Mr. Brownfield said that this was not to be included in the description ; that he said, at the time, that the timber he wanted to give to Mrs. McClelland was the strip called the ravine by the plaintiffs' witnesses, included or fenced in with the cleared land, and that under those instructions the witness wrote the clause of the will referred to ; that in a subsequent conversation with Mr. Brownfield he told the witness that the woodland now claimed by the plaintiffs was not included in the piece devised to Mrs. McClelland, but as she wanted to have some timber off of it, he thought he would give her some of the timber.

Objected to, because, if there was ambiguity, it must be removed by the context and by parol evidence of the surrounding circumstances ; direct evidence of the testator's intention was incompetent.

By the court: Objection overruled ; exception.[1]

The testimony of the witness admitted supported the offer.

Other testimony was introduced by the defendant descriptive of the two parcels of land and their relations to each other at the time of the testator's death.

The case being closed on the evidence, the court, STOWE, P. J., holding special term, charged the jury that, under all the evidence in the case, there had been nothing shown that would justify a verdict for the plaintiffs, and that the verdict should therefore be for the defendant; exception.[2]

The jury returned a verdict for the defendant. A rule for a new trial having been discharged and judgment entered, the plaintiffs took this appeal, assigning for error:

1. The admission of defendant's offer.[1] *

2. The instruction to find for the defendant.[2]

*Mr. Edward Campbell*, for the appellants.

*Mr. R. E. Umbel* (with him *Mr. S. L. Mestrezat*), for the appellee.

. PER CURIAM:

The first assignment does not conform to the Rules of Court.

The second alleges that the court below erred in instructing the jury to find for the defendant. We do not think this was error. We see nothing in the case which would have justified a verdict for the plaintiffs. A discussion of the evidence is unnecessary.

Judgment affirmed.